**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EMY D. OKAGBUE-OJEKWE, | |
|     *Pro Se* Plaintiff, | Civil Action No. 03-2035(NLH) |
| v. | |
| FEDERAL BUREAU OF PRISON, et al., | **OPINION** |
|     Defendants. | |

**APPEARANCES:**

Emy D. Okagbue-Ojekwe
2175 First Avenue
Apt. 4d
New York, NY 10029
*Pro Se Plaintiff*

Irene E. Dowdy, Esq.
Office of the United States Attorney
402 East State Street
Suite 430
Trenton, NJ 08608
    and
Paul A. Blaine, Esq.
Office of the United States Attorney
401 Market Street
4th Floor
Camden, NJ 08101

*Attorneys for defendants Federal Bureau of Prisons, Eric Satteson, Dr. T. Patel, Dr. S.m. Suleyman, Captain Mariano, Victor Lorant, Sandra Howard, Dr. K. Bernhard, David Winn, Captain Bollinger, Dr. A. Cordero, Nurse Fawks, Dr. Lima, J. Childress, K. Coleman, Dr. Morales, and Browning*

**HILLMAN, District Judge**

    This matter comes before the Court upon defendants' motion

to dismiss.  Because plaintiff, after three and half years, failed to effect proper service of process, we dismiss the complaint without prejudice.

## I.     PROCEDURAL BACKGROUND

Plaintiff commenced this action on July 11, 2003.  By Opinion and Order entered on July 18, 2003, Judge Freda L. Wolfson[1] dismissed plaintiff's complaint with leave to amend within 45 days.  In her Opinion, Judge Wolfson pointed out the deficiencies in the complaint and outlined the proper standard to allege cognizable claims under the Federal Tort Claims Act, and a violation of the 8th Amendment for deliberate indifference to serious medical needs.  In granting plaintiff leave to amend, Judge Wolfson explained that the amended complaint replaces the original complaint.

On September 5, 2003, plaintiff filed an amended complaint. On January 14, 2004, plaintiff filed a motion for an extension of time to serve the complaint and summons.  On February 23, 2004, plaintiff's motion was granted and plaintiff was permitted to complete service of summons and complaint by September 13, 2004. Plaintiff did not serve any of the defendants by September 13, 2004.  On October 28, 2004, the court, *sua sponte* ordered that the U.S. Marshals serve summons upon the defendants.  On October 29, 2004, the Court denied plaintiff's motion for appointment of

---

[1] This case was reassigned to Judge Noel L. Hillman on July 5, 2006.

*pro bono* counsel on the grounds that his application for *in forma pauperis* had not been granted.

On February 16, 2005, USM 285 forms[2] were sent to the plaintiff's new address.  On April 1, 2005, the summons returned expired by the U.S. Marshals' Service due to no response from the plaintiff.  On April 6, 2005 alias summonses[3] were issued as to defendants Victor Lorant, A. Guzman, Sandra Howard, K. Bernhard, J. Roseman, K. Lehtola, Captain Bollinger, R.F. Murray, Kramer Shilley, A. Cordero, Nurse Fawks, Dr. Lima, J. Childress, K. Coleman, Dr. Morales, Browning, M. Sepanek, Mr. Jones, Glenn Harris, Federal Bureau of Prisons, Eric Satteson, T. Patel, A. Callahan, A.W. R. Hamm, Nancy Bailey, S.M. Suleyman, and Captain Mariano.

Plaintiff was transferred to Rochester, MN, and on May 16, 2005, plaintiff notified the court of his new address.  USM 285 forms were sent again to plaintiff's new address.  On June 17, 2005, plaintiff requested copies of the original complaint and

---

[2] A "USM 285" is a form used by the U.S. Marshals' Service for civil service of process by a U.S. Marshal.  The instructions included with the form require the plaintiff to legibly fill out the form, including the names and addresses of the individual or company to be served, and to return the executed form to the U.S. Marshals. See http://www.usmarshals.gov/process/usm-285.pdf.

[3] An "alias summons" is issued when the original summons was not served.

the amended complaint.[4]

On September 22, 2005, the summons was returned by the U.S. Marshal as expired with no response from plaintiff.  On October 18, 2005, Judge Wolfson ordered the case dismissed without prejudice for the plaintiff to reopen the case and make proper service on the defendants.  Although a letter written by plaintiff was received by Judge Wolfson explaining that he had been hospitalized in Rochester, MN, plaintiff did not file a motion to reinstate his complaint until February 6, 2006.  On March 20, 2006, Judge Wolfson denied the motion to reinstate without prejudice on the grounds that plaintiff still had not filled out the USM forms for proper service on the defendants.

On May 19, 2006, Judge Wolfson ordered that the case be reinstated, that the Clerk of the Court prepare and reissue summons for the U.S. Attorney and the U.S. Attorney General, and that the U.S. Marshals direct service on the named defendants and the U.S. Attorney and the U.S. Attorney General.  On May 22, 2006, summons was issued as to defendants Victor Lorant, A. Guzman, Sandra Howard, K. Bernhard, J. Roseman, K. Lehtola, David

---

[4] Plaintiff included with his request to the Court a letter from W.I. LeBlanc, Jr., Warden, explaining that plaintiff was transferred from USMCFP Springfield to the federal medical center in Rochester, MN because Springfield had exhausted its resources in trying to treat plaintiff's complicated medical problem and Rochester's "close affiliation with the Mayo Clinic and their extensive speciality and sub-speciality services made this facility the obvious choice for transfer."

Winn, Captain Bollinger, R.F. Murray, Kramer Shilley, A. Cordero, Nurse Fawks, Dr. Lima, J. Childress, K. Coleman, Dr. Morales, Browning, M. Sepanek, Mr. Jones, Glenn Harris, Federal Bureau of Prisons, C.W. Tyndall, Eric Satteson, T. Patel, A. Callahan, A.W. R. Hamm, Nancy Bailey, S.M. Suleyman, Captain Mariano, and the U.S. Attorney.

On June 7, 2006, summons executed by the U.S. Marshal as to the U.S. Attorney was returned and filed. On June 9, 2006, summons executed by the U.S. Marshal as to M. Sepanek, Mr. Jones, Glenn Harris, C.W. Tyndall, A. Cordero, J. Childress, K. Coleman, and Browning were returned and filed. On June 13, 2006, summons executed by the U.S. Marshal as to A.W. R. Hamm and Nancy Bailey, and waiver of service as to T. Patel were returned and filed. On June 15, 2006, summons executed by the U.S. Marshal as to the U.S. Attorney General was returned and filed. On June 20, 2006, an alias summons was issued as to Nurse Fawks, Dr. Lima, and Dr. Morales. On June 21, 2006, a waiver of service was returned executed by the U.S. Marshals Service as to S.M. Suleyman. On June 23, 2006, a summons was returned unexecuted by the U.S. Marshals Service as to un-named party Nurse D. Weskamp, and a summons was returned executed by the U.S. Marshals Service as to Captain Mariano. On July 5, 2006, a summons was returned executed by the U.S. Marshals Service as to Nurse Fawks, Dr. Lima, and Dr. Morales. On August 4, 2006, summons executed by

5

the U.S. Marshal as to Victor Lorant and A. Callahan was returned.  On August 22, 2006, summons executed by the U.S. Marshal as to A. Guzman, J. Roseman, K. Lehtola, R.F. Murray, Kramer Shilley, Sandra Howard, K. Bernhard, David Winn, and Captain Bollinger were returned and filed.

On July 24, 2006, a letter from plaintiff was filed advising the Court that plaintiff had been released and was currently residing in New York.  Subsequent letters received by the Court in November 2006, provided that plaintiff had been admitted to Harlem Hospital in New York.  On August 8, 2006, plaintiff filed a second motion to appoint pro bono counsel.  His motion was denied again on the ground that plaintiff's application for *in forma pauperis* had not been granted.

On October 12, 2006 a motion to dismiss for lack of jurisdiction was filed by defendants Victor Lorant, Sandra Howard, K. Bernhard, David Winn, Captain Bollinger, A. Cordero, Nurse Fawks, Dr. Lima, J. Childress, K. Coleman, Dr. Morales, Browning, Federal Bureau of Prisons, Eric Satteson, T. Patel, S.M. Suleyman, and Captain Mariano.  Plaintiff filed his opposition to the motion on December 22, 2006, and on December 27, 2006, defendants filed their reply.[5]

---

[5] In their reply, defendants object to the untimely filing of plaintiff's response to the motion to dismiss.  Although the response was untimely, we permit plaintiff to file his response on the ground that he advised the court before the response was due that he was receiving medical treatment and was admitted to

## II.   DISCUSSION

In their motion to dismiss, defendants state that they were not served with a copy of the amended complaint, but rather were served with an unfiled document titled "second amended complaint."  Plaintiff has not sought leave and no leave has been given to file a second amended complaint.  No second amended complaint has been filed on the docket.  The current complaint on the docket remains the amended complaint filed on September 5, 2003.  Defendants also allege several deficiencies of service in that defendants Howard, Bernhard, Winn and Bollinger were not served personally, defendants Sepanek, Jones, Tyndall and Satteson were not served at all, and defendant Callahan was on active military duty at the time service was attempted.  In response to defendants' motion to dismiss, plaintiff argues that he was "incapacitated" and that the U.S. Marshals were directed to effect service on the defendants.

To the extent that defendants request that the case be dismissed because the U.S. Marshals failed to properly serve the individuals named in the amended complaint, such request is denied.  Courts faced with the issue of whether the plaintiff should be penalized for errors made by the U.S. Marshals have uniformly held that a *pro se* prisoner-litigant proceeding *in forma pauperis* is entitled to rely on service by the U.S.

---

Harlem Hospital in New York.

Marshals.[6]  See Ruddock v. Reno, 104 Fed.Appx. 204, 206 (2nd Cir. 2004).  If the prisoner furnishes the Marshal with the necessary information to effect service, then the Marshal's failure to accomplish the task is considered "good cause" within the meaning of Rule 4(m).  Id. (interpreting earlier version of Rule under Rule 4(j)); see also Cornish v. Texas Bd. of Criminal Justice, Office of the Inspector General, 141 Fed. Appx. 298, 301 (5th Cir. 2005)(finding IFP plaintiff is entitled to rely on service by the Marshal and will not be penalized for Marshal's failure to properly effect service where the plaintiff is not at fault).

The above rule only applies, however, in cases where the prisoner furnishes the Marshal with the necessary information to effect service.  Ruddock, 104 Fed.Appx. at 206.  Defendants argue that plaintiff did not provide the U.S. Marshals with the correct complaint.  Rather, the plaintiff supplied a document entitled "second amended complaint" which is not the amended complaint filed with the Court and does not appear on the docket.

A review of the two amended complaints shows that there are substantive differences between the two.  In the "second amended complaint": (1) the caption has changed (29 defendants were deleted from the caption and 40 named individuals appear in the body, but not as named defendants; (2) assuming that the named

---

[6]  Here, plaintiff is not proceeding IFP.  However, the Court directed that the U.S. Marshals effect service and, therefore, we apply the same standard.

8

individuals listed in the body are defendants, eleven defendants were added; (3) nine numbered paragraphs of allegations were added; (4) a cause of action for medical malpractice was added; (5) the claim for Eighth Amendment violations was revised; (6) a claim for punitive damages was added; and (7) a claim for injunctive relief was added.

Rule 4(c)(1) provides that the summons shall be served together with a copy of the complaint, and that the plaintiff "... shall furnish the person effecting service with the necessary copies of the summons and complaint."[7]  Here, plaintiff failed to furnish the U.S. Marshals with the necessary copies of the complaint.  The complaint in this matter is the amended complaint filed with the Court on September 9, 2004.  No "second amended complaint" appears on the docket.  Plaintiff has not provided us with any argument that the document titled "second amended complaint" somehow satisfies the requirements under Rule 4, and we find none either.  Thus, we find that plaintiff did not properly serve the defendants.  We must now determine whether to dismiss plaintiff's complaint for failure to effect proper service.

---

[7] The rules governing service of process in New Jersey also require that a defendant be served with a copy of the summons and complaint. N.J.R.Civ.P. 4:4-3(a) provides in relevant part that "Summons shall be served together with a copy of the complaint...by a person specially appointed by the court for that purpose... ."

Fed.R.Civ.P. 4(m) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court ... shall dismiss the action without prejudice ... provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." It is has been three years and almost ten months since the complaint was first filed on July 11, 2003. The Court has given plaintiff wide latitude and taken into consideration the fact that plaintiff was a prisoner during most of this litigation, that he is proceeding *pro se*, and has been undergoing medical treatment. The reason for the error in not providing the U.S. Marshals with the proper complaint is not due however to any of these potential constraints. Rather, plaintiff was able to supply a "second amended complaint" but failed to follow the rules in properly filing it. If plaintiff was capable of providing a "second amended complaint," then he should have been able to request leave to file an amended complaint. He did not do so and provided the Court with no reason for his failure to do so.

There comes a point when the delay in proper service on the defendants can become prejudicial to the opposing party. The elapse of time results in witnesses no longer being available, events being forgotten, and documents being lost. See Cherry Line, S.A. v. Muma Services, No. 03-199, 2006 WL 1237034, at *2

(D. Del. May 8, 2006)(acknowledging in more than three year old case that as time passed the memories of witnesses would undoubtedly fade resulting in further prejudice to defendant's ability to defend the action). Here, the case is over three and half years old and has not moved beyond the initial pleading stage. The Court has extended the time within which plaintiff could serve his complaint well beyond the initial 120 days. The failure to provide the U.S. Marshals with the proper complaint clearly resides with plaintiff. The deficiency was not due to an inability to obtain the complaint, but was due to plaintiff's actively drafting another pleading but failing to file it or request permission to do so. See Cantu v. Muraski, No. 05-2629, 2006 WL 2192119, at *2 (D. Minn. Aug. 1, 2006)(finding plaintiff failed to meet his responsibility under Rule 4(c) and (e) that requires service upon a defendant of a summons and complaint where plaintiff provided sheriff with summons and document entitled "plaintiff's brief"); Macaluso v. NY State Dep't of Envtl. Conservation, 115 F.R.D. 16, 18 (E.D.N.Y. 1986)(finding service of process defective where plaintiff failed to include complaint with summons on defendant). Thus, we dismiss plaintiff's complaint without prejudice for defective service of process.

**III.  CONCLUSION**

Having determined that service of process was improper pursuant to Fed.R.Civ.P. 4, we dismiss this case without prejudice.  An Order consistent with this Opinion will be entered.

s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey