NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EMY D. OKAGBUE-OJEKWE, | |
|     *Pro Se* Plaintiff, | Civil Action No. 03-2035(NLH) |
|     v. | |
| FEDERAL BUREAU OF PRISON, et al., | **OPINION** |
|     Defendants. | |

**APPEARANCES:**
Emy D. Okagbue-Ojekwe
2175 First Avenue
Apt. 4d
New York, NY 10029
*Pro Se Plaintiff*

Irene E. Dowdy, Esq.
Office of the United States Attorney
402 East State St., Suite 430
Trenton, NJ 08608
    and
Paul A. Blaine, Esq.
Office of the United States Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
*Attorneys for defendants Federal Bureau of Prisons, Eric Satteson, Dr. T. Patel, Dr. S.M. Suleyman, Captain Mariano, Victor Lorant, Sandra Howard, Dr. K. Bernhard, David Winn, Captain Bollinger, Dr. A. Cordero, Nurse Fawks, Dr. Lima, J. Childress, K. Coleman, Dr. Morales, and Browning*

**HILLMAN, District Judge**

    Before the Court is *pro se* plaintiff's motion for reconsideration[1] of this Court's Order dismissing his case

---

    [1] Although styled as a motion for reinstatement, plaintiff is requesting that the Court reconsider its Order dismissing

without prejudice for failure to effect proper service.  For reasons explained below, plaintiff's motion will be granted.

## I.   BACKGROUND

Plaintiff filed a complaint in which he alleges that defendants were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights.  After several failed attempts and numerous extensions (three and half years had passed since plaintiff filed his complaint), plaintiff failed to properly serve the defendants.  In particular, it was found that plaintiff furnished the U.S. Marshals with a second amended complaint to serve on defendants that had not been filed with the Court and that was substantially different that the most recently filed complaint.[2]  The Court granted defendants' motion to dismiss the complaint for lack of jurisdiction.

In his motion for reconsideration, plaintiff states that the reason that his second amended complaint was not properly filed is that he is medically incapacitated and was confined in various medical facilities, and has been since he originally filed his complaint.  Plaintiff states that in order to effectuate filing of his documents with the Court, he must rely on third parties.  Plaintiff explains that in addition to being incapacitated, he

---

plaintiff's complaint.

[2]   The full procedural history of plaintiff's case is outlined in this Court's Opinion filed April 18, 2007, and will not be repeated here.

was also incarcerated at the time he furnished a copy of the second amended complaint to the prison guards with a request that it be filed with the Court and provided to the U.S. Marshals. The complaint was never filed with the Court. As a result, the U.S. Marshals served on defendants a second amended complaint that was not filed with the Court.

## II.  DISCUSSION

### A.  Standard for Motion for Reconsideration

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure. <u>United States v. Compaction Sys. Corp.</u>, 88 F.Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b) <u>Id.</u> In the District of New Jersey, Local Civil Rule 7.1(g) governs motions for reconsideration. <u>Bowers v. Nat'l. Collegiate Athletics Ass'n.</u>, 130 F.Supp.2d 610, 612 (D.N.J. 2001).

Local Civil Rule 7.1(g) permits a party to seek reconsideration by the Court of matters "which [it] believes the Court has overlooked" when it ruled on the motion. L. Civ. R. 7.1(g); <u>see</u> <u>NL Industries, Inc. v. Commercial Union Insurance</u>, 935 F.Supp. 513, 515 (D.N.J. 1996). The standard for reargument is high and reconsideration is to be granted only sparingly. <u>See</u>

United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994). The movant has the burden of demonstrating either: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. Compaction Sys. Corp., 88 F.Supp.2d at 345; see also L.Civ .R. 7.1(g). "The word 'overlooked' is the operative term in the Rule." Bowers, 130 F.Supp.2d at 612 (citation omitted); see also Compaction Sys. Corp., 88 F.Supp.2d at 345.

Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law which were presented to, but not considered by, the court in the course of making the decision at issue. See SPIRG v. Monsanto Co., 727 F.Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989). Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court. Bowers, 130 F.Supp.2d at 613; Resorts Int'l. v. Greate Bay Hotel and Casino, Inc., 830 F.Supp. 826, 831 & n. 3 (D.N.J. 1992)

Egloff v. New Jersey Air National Guard, 684 F.Supp. 1275, 1279 (D.N.J. 1988).  Absent unusual circumstances, a court should reject new evidence which was not presented when the court made the contested decision.  See Resorts Int'l, 830 F.Supp. at 831 n. 3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that evidence was unavailable or unknown at the time of the original hearing.  See Levinson v. Regal Ware, Inc., Civ. No. 89-1298, 1989 WL 205724 at *3 (D.N.J. Dec. 1, 1989).

Moreover, L.Civ.R. 7.1(g) does not allow parties to restate arguments which the court has already considered.  See G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  Bowers, 130 F.Supp.2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F.Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Medical Ctr., 979 F.Supp. 316, 318 (D.N.J. 1997); NL Industries, Inc. v. Commercial Union Ins. Co., 935 F.Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions ... may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." Tishcio v. Bontex,

5

Inc., 16 F.Supp.2d 511, 533 (D.N.J. 1998) (citation omitted).

### B. Plaintiff's Motion for Reconsideration

Here, plaintiff argues that his second amended complaint was not correctly filed with the Court because although he furnished a copy to the prison guards with a request to have it filed, the prison guards did not follow his request.  Because he is incapacitated, plaintiff argues that he is unable to do certain things on his own, like file documents with the Court, and his only option is to rely on others to do it for him.  Defendants argue that plaintiff's assertion that the prison guards did not mail in his second amended complaint for filing is just a vague assertion and that he failed to raise it previously.

While it is true that absent unusual circumstances, a court should reject new evidence that was not presented when the court made the contested decision, see Resorts Int'l, 830 F.Supp. at 831 n. 3, plaintiff states in his affidavit that he was unaware that the prison guards did not forward his second amended complaint for filing until after the Order was entered.  This statement satisfies the requirement that new evidence must have been unknown or unavailable to the plaintiff at the time the motion to dismiss was being considered.  This Court's earlier Opinion rested on the fact that although plaintiff furnished a copy of the second amended complaint for the U.S. Marshals to serve, he failed to have it filed and provided no reason for that

6

failure. Plaintiff now provides the reason which was unknown to him at the time the motion to dismiss was being decided. In addition, plaintiff's incapacitation represents an "unusual circumstance" since it forces him to rely on those persons who are adverse to him in the litigation to file his documents and provide him with information.[3]

Having found that plaintiff presents grounds for a favorable ruling on his motion for reconsideration, we turn to defendants' argument that the motion should be denied as untimely. Local Rule 7.1(i) requires that "[a] motion for reconsideration be served and filed within 10 business days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge." The Order granting the motion to dismiss was filed on April 18, 2007. Plaintiff's motion would have been due May 2, 2007. However, plaintiff did not file his motion for reconsideration until May 22, 2007. Plaintiff states in his

---

[3] Defendants also argue that even if the second amended complaint was properly filed, plaintiff never sought leave to file an amended complaint. Such argument would not be grounds to defeat the present motion for reconsideration, however, because plaintiff's complaint was not dismissed on that ground. Further, pursuant to Federal Rule of Civil Procedure 15, defendants have not filed a responsive pleading and leave to amend shall be freely given where justice so requires. See Fed.R.Civ.P. 15(a); see Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007 (finding that a motion to dismiss is not a responsive pleading). To be clear, plaintiff must seek leave to file his second amended complaint since the complaint has already been amended once. See Fed.R.Civ.P. 15(a). However, plaintiff has not filed the second amended complaint yet without seeking leave so it cannot be dismissed on that ground.

affidavit that he did not receive the Order until May 7, 2007, after it was forwarded from the hospital where he was previously admitted. Defendants urge that the late filing should not be allowed and that plaintiff had a duty to inform the Court of his change address.

It is within this Court's discretion to dismiss any document that has not been timely filed. L.Civ.R. 7.1(d)(7); see U.S. v. Eleven Vehicles, Their Equipment and Accessories, 200 F.3d 203, 214 (3d Cir. 2000)(concluding that local court rules play a significant role in the district courts' efforts to manage themselves and their dockets). Nonetheless, we again are faced with the difficulties of plaintiff's situation of proceeding *pro se* while incapacitated. Although plaintiff does have a duty to inform the Court of a change in address within five days of being apprised of such change, see Local Rule 10.1(a), there are no facts presented to the Court as to when plaintiff was transferred from one hospital to the other to determine whether he violated this rule. Further, if plaintiff was incapacitated and unable to inform the Court of his change of address within five days, such explanation could provide good cause for the short delay. In any event, plaintiff provided his current address in his affidavit filed with his motion for reconsideration on May 22, 2007. There is also no evidence that the filing of the motion twenty days after the deadline prejudiced the defendants. Thus, plaintiff's

8

motion will not be stricken as untimely.

### C. Failure to Serve Defendants

Finding that plaintiff presented grounds to reconsider this Court's Order entered April 18, 2007, we also determine that plaintiff has shown "good cause" as to why the second amended complaint was not properly served.

Under Rule 4(m), the court shall dismiss an action without prejudice if the plaintiff has failed to make proper service of summons and complaint upon the defendant within 120 days. See Fed.R.Civ.P. 4(m). The court shall extend this time if the plaintiff shows good cause for the failure to properly serve the defendant. Id. In considering a motion to extend the time for service, the court "... should determine whether good cause exists for an extension of time. If good cause is present, the district court must extend time for service and the inquiry is ended. If, however, good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Veal v. U.S., 84 Fed. Appx. 253, 256 (3d Cir. 2004).

We find that *pro se* plaintiff's explanation that he was unable to file the second amended complaint because he was incapacitated while incarcerated whereby he was forced to rely on persons potentially adverse to him in this litigation to carry

9

out his request presents "good cause" pursuant to Federal Rule of Civil Procedure 4.[4]

This case has been plagued by the same problem since its inception: the fact that throughout most of the litigation, plaintiff has been incapacitated and incarcerated and has had difficulty filing documents and receiving information about the litigation without the help and assistance of those around him, namely the defendants or persons similarly situated with defendants. Each effort made by plaintiff to move his case along his been met with procedural difficulties. Although we cannot, and do not, excuse plaintiff from complying with the Federal Rules of Civil Procedure, see e.g., Sykes v. Blockbuster Video, No. 06-1745, 2006 WL 3314518, at *2 (3d Cir. 2006)(finding that *pro se* plaintiffs are expected to comply with the Federal Rules of Civil Procedure), we acknowledge plaintiff's physical limitations and the fact that he is facing dismissal of his claims on purely procedural grounds without the merits of his case ever having been reached. See Rose v. Social Security

---

[4] We also take notice of the rule that a prisoner's complaint is deemed filed when an incarcerated *pro se* plaintiff delivers it to prison officials for mailing to the court. See Banks v. Hayward, 221 Fed.Appx. 98 (3d Cir. 2007); Mosch v. Brown, 06-4067, 2007 WL 2682979, *3 (D.N.J. 2007); Frierson v. St. Francis Medical Center, No. 07-3857, 2007 WL 2446527, at * 3 (D.N.J. 2007). Although this rule is generally applied to determine when a complaint was filed for statute of limitations purposes, we acknowledge that by delivering his second amended complaint to the prison guards, plaintiff was trying in good faith to properly have it served.

Administration, 202 F.3d 270 (6th Cir. 1999) (finding it incumbent upon district court to take appropriate measures to permit adjudication of *pro se* claims on the merits, rather than order their dismissal on technical grounds) (citing Donald v. Cook County Sheriff's Dep't, 95 F.3d 548, 555 (7th Cir. 1996)). Also, dismissal of his case with prejudice would be a harsh result since the statute of limitations might bar a subsequently filed new complaint. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1304 n. 6 (3d Cir. 1995) (acknowledging that dismissal of a case after 120 days has run is appropriate but the situation "changes dramatically" where the statute of limitations has run, and "good cause" exists for the delay, a case should not be dismissed).

In addition, it appears that plaintiff has recognized the inherent difficulty with trying to prosecute his case *pro se* while incapacitated and not running afoul of the Federal Rules. Plaintiff states in his affidavit submitted with his motion for reconsideration that he has retain counsel, Okey N.C. Akpom, Esquire, an attorney licensed to practice in the state of Texas to represent him in this matter.[5]

---

[5] Mr. Akpom filed a motion to appear in this Court *pro hac vice*. The motion was denied without prejudice by the U.S. Magistrate Judge because of Mr. Akpom's failure to comply with the requirements in L. Civ. R. 101.1(c)(4) ((available on the United States District Court for the District of New Jersey's website). See also Caliendo v. Trump Taj Mahal Assocs., Civil No. 03-5145, 2007 U.S. Dist. LEXIS 31859 (D.N.J. May 1, 2007).

Therefore, plaintiff is granted an extension of time to properly seek leave to file a seconded amended complaint and properly serve that complaint and summons on the defendants.[6]

### III.  CONCLUSION

For the reasons expressed above, plaintiff's motion for reconsideration will be granted and the Order dismissing this case will be withdrawn.  An Order will be entered consistent with this Opinion.

At Camden, New Jersey

Dated: December 26, 2007

    s/Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

Mr. Akpom was advised that the Court will entertain his motion if it complies with the Local Rules.

[6] Although it has been over three years since the litigation commenced, defendants are not prejudiced by the additional time to allow service.  Defendants have been on notice of this matter and numerous discovery documents have already been filed via ECF by plaintiff regarding his claim.