```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EMY D. OKAGBUE-OJEKWE, | Civ. No. 03-cv-2035-NLH-JS |
| Plaintiff, | |
| v. | **OPINION** |
| FEDERAL BUREAU OF PRISONS, et al. | |
| Defendants. | |

**APPEARANCES**:
OKEY N.C. AKPOM
THE AKPOM FIRM PC
1106 N. HIGHWAY 360
SUITE 405
GRAND PRARIE, TX 75050
*Attorney for Plaintiff*

FRANCIS ASOKWU SEA
SUITE 310
55 WASHINGTON STREET
EAST ORANGE, NJ 07017
*Attorney for Plaintiff*

IRENE E. DOWDY
PAUL A. BLAINE
OFFICE OF THE UNITED STATES ATTORNEY
401 MARKET STREET
FOURTH FLOOR
P.O. BOX 2098
CAMDEN, NJ 08101
*Attorneys for Defendants*

**HILLMAN, District Judge**

This matter comes before the Court upon Defendants' Motion to Dismiss [143] and Plaintiff's cross-motion for Leave to File Service of Process [145]. Defendants move for dismissal because Plaintiff failed to properly effectuate service within the

prescribed time.  Plaintiff seeks an extension of time to effect service.  For the reasons expressed below, Defendants' Motion to Dismiss is granted and Plaintiff's cross-motion for Leave to File Service of Process is denied.

**A.   Background**

This case has a long and tortured procedural history, which has been set out at length in the Court's prior opinions and orders, and will not be repeated except to the extent relevant to the current motions.  By Order on February 1, 2010, this Court directed Plaintiff's *pro hac vice* counsel to file his Second Amended Complaint no later than February 22, 2010.  After the date elapsed, Plaintiff, on March 1, 2010, filed a Motion for Leave to File a Second Amended Complaint.  On April 13, 2010, the Court granted Plaintiff's Motion for Leave to File a Second Amended Complaint, and ordered Plaintiff to effectuate proper service of a summons of his Second Amended Complaint on all named defendants no later than August 11, 2010.  Plaintiff's counsel requested a summons on May 3, 2010 from the clerk of this Court, which was issued the same day.  Defendant, on August 27, 2010, moved for dismissal of Plaintiff's Second Amended Complaint for failure to effect service by August 11, 2010.  On September 10, 2010, the summons issued electronically on May 3, 2010 was sent via certified mail to eleven (11) addresses, none of which included the United States Attorney for the district or the United States Attorney General.  Five days later, on September

15, 2010, Plaintiff filed with this Court his Motion for Leave to File Service of Process.

**B. Analysis**

Defendants assert that the Second Amended Complaint should be dismissed because Plaintiff did not comply with this Court's order and effectuate service by August 11, 2010. Defendants also contend that Plaintiff's September 10, 2010 service of the summons was insufficient because Plaintiff failed to comply with Fed. R. Civ. P. 4(i)(2).

An action may be dismissed under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Fed. R. Civ. P. 12(b)(5). Plaintiff, the party responsible for effecting service, has the burden of proof to demonstrate validity of service. Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993). Fed. R. Civ. P. 4(m) provides the time frame a plaintiff has to serve a defendant with the summons and copy of the complaint. The rule provides:

> If the service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Before a court may dismiss a complaint for insufficient service of process, the court must apply a two-step inquiry.

Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995). First, the court should determine whether good cause exists for a time extension. Id. If a plaintiff demonstrates good cause, the time to serve process must be extended. Id. In the absence of good cause, however, "the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." Id.; McCurdy v. Am. Bd. of Plastic Surgery, 157 F.3d 191, 196 (3d Cir. 1998).

For purposes of Fed. R. Civ. P. 4(m), "good cause" has been defined as tantamount to "excusable neglect," under Fed. R. Civ. P. 6(b)(2), which requires "a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules." MCI Telecomm. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). Inadvertence and lack of diligent counsel are insufficient to establish good cause for an extension of time to serve process. Braxton v. United States, 817 F.2d 238, 241 (3d Cir. 1987). The finding of good cause generally hinges upon a plaintiff's reason for delay. Law v. Schonbraun McCann Group, LLC, No. 08-2982, 2009 WL 3380321, * 2 (D.N.J. October 19, 2009). Therefore, a court should primarily focus on the reasons Plaintiff did not initially comply with the time limit. MCI Telecomm. Corp., 71 F.3d at 1097. The Third Circuit opined that in determining good cause courts have considered such factors as "(1) reasonableness of plaintiff's efforts to serve (2) prejudice

to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve." Id.; Ackerman v. Beth Israel Cemetery Ass'n of Woodbridge, N.J., No. 09-1097, 2010 WL 2651299, * 4 (D.N.J. June 25, 2010); *see* Mason v. Therics, Inc., No. 08-2404, 2009 WL 44743, * 2 (D.N.J. January 6, 2009) (noting that solely an absence of prejudice cannot constitute good cause to excuse late service).

Plaintiff's efforts to effect service were not reasonable. The complete ignorance of Fed. R. Civ. P. 4 does not constitute sufficient good cause to excuse insufficient service and justify an extension to serve. Thomas v. United States, No. 05-332, 2007 WL 3231786, * 4 (D.N.J. October 30, 2007) (citing Sykes v. Blockbuster Video, 205 Fed. Appx. 961, 963 (3d Cir. 2006)). In his motion and accompanying affidavit Plaintiff claims that upon receipt of the Court's April 13, 2010 Order setting a deadline to effect service of process, he "immedately [sic] filed his request for issue of Summons with the Court Clerk." (Doc. 145). Plaintiff further avers that he and his secretary called the Clerk's Office several times requesting whether the Summons was issued and was told "each time" that "it is being worked on." Id. A review of the docket, however, indicates that the Court Clerk issued the summons on May 3, 2010, the same day as Plaintiff's request. (Doc. 142). Plaintiff's only responses are that he did not receive the summons because it was sent to his absent local

5

counsel and that he "accepts full responsible [sic] for not checking the docket via the PACER system." (Doc. 145).[1] These explanations merely confirm that Plaintiff was either confused or unaware of the federal court rules and procedures. They do not constitute good cause. *See* U.S. ex rel. Mailly v. Healthsouth Holdings, Inc., 07-2981, 2010 WL 149830, * 2 (D.N.J. January 15, 2010) ("The only explanations that Plaintiff-Relators provide for their failure to serve Defendants is inadvertence, confusion, and misunderstanding. . . . It is well settled that reasons such as these do not constitute good cause justifying an extension of the time period within which to effectuate service of process").

Furthermore, when Plaintiff finally did serve process on September 10, 2010, it was insufficient because Plaintiff failed to comply with Fed. R. Civ. P. 4(i)(2) and serve the United States. *See* Fed. R. Civ. P. (4)(i)(2) ("To serve a United States agency or corporation, or a United States officer or employee

---

[1] The failure of Plaintiff's counsel is even more pronounced here because the court had previously granted his request for electronic access to the docket when his local counsel abandoned his role in this case. Having been granted electronic access to the docket, Plaintiff's counsel cannot claim he lacked notice of the Clerk's issuance of the proper summons. That having been said, there is no doubt that Plaintiff's out-of-state counsel would have been aided by local counsel. We are at a loss to know what became of Plaintiff's local counsel because he has failed to advise the court of his whereabouts or the reasons for his abandonment of this case and his client. We will refer this opinion to disciplinary officials in the State of New Jersey as it appears that Plaintiff's local counsel, Francis Sea, Esq., has abandoned the practice of law without properly discharging his professional responsibilities in this case.

sued only in an official capacity, a party must serve the United States[2] and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee"); *see also* Thomas, 2007 WL at * 4 (holding that service of process upon the United States entails service "on the United States Attorney for the district in which the action is brought and a copy of the summons and complaint must also be sent . . . to the Attorney General of the United States"). The failure to comply with "the technical niceties of service of process also does not constitute good cause." Ackerman, 2010 WL at * 4 (citing Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (1996)) (internal quotations removed).

There comes a time when delay in proper service is prejudicial to the opposing party. An elapse in time results in witness unavailability, events forgotten and documentation lost. *See* Cherry Line, S.A. v. Muma Serv., No. 03-199, 2006 WL 1237034, * 2 (D. Del. May 8, 2006) (opining that defendants' abilities to defend the action are prejudiced because as time passes the

---

[2] Fed. R. Civ. P. 4(i)(1) outlines how a party must serve the United States. *See* Fed. R. Civ. P. (4)(i)(1) ("To serve the United States, a party must: (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought - or to an assistant United States attorney or clerical employee whom the United States attorney designates in a  writing filed with the court-or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.").

memories of witnesses fade); *see also* McCurdy, 157 F.3d at 196-97 ("[J]ustice also requires that the merits of a particular dispute be placed before the court in a timely fashion so that the defendant is not forced to defend against stale claims"). This case is more than seven years old and the Court has extended Plaintiff's time to effectuate service well beyond the initial 120 days. Any continued extensions would prejudice Defendants.

With respect to the third factor, Plaintiff did not move for an extension of time until after Defendants motioned for dismissal. Furthermore, this was not Plaintiff's first motion for an extension of time. The docket is littered with Plaintiff's requests to extend time to either effect service or file a document. The Court cannot continuously grant Plaintiff extensions of time to correct his blatant disregard of procedural rules.

The totality of these three factors indicates that Plaintiff did not demonstrate good cause. In the absence of good cause, the district court must determine whether to grant a discretionary extension of time. Petrucelli, 46 F.3d at 1306. To assist with this task, New Jersey District Courts have taken into account a non-exhaustive list of factors that include the length of delay, role of counsel, expiration of statute of limitations, prejudice to defendant and confusion. U.S. ex rel. Mailly, 2010 WL at * 2; Ackerman, 2010 WL at * 4; *see* Cain v. Abraxas,

8

209 Fed.Appx. 94, 97 (3d Cir. 2006).

In considering those factors, the Court chooses not to exercise its discretion to grant Plaintiff an extension of time. This Court has given Plaintiff's counsel wide latitude and has substantially and repeatedly relaxed the Federal and Local Rules of Civil Procedure. We have already granted Plaintiff numerous extensions of time to effect service or have given leave to file late documents. The Court cannot litigate Plaintiff's case by granting an extension of time whenever he misses a deadline. *See* Ackerman, 2010 WL at * 5 (refusing to grant extension of time when Plaintiff failed to properly serve the defendant after being granted an extension of time). At this point of the more than seven year old litigation, continued extensions of time would render Fed. R. Civ. P. 4's timeliness requirement into an empty formality or merely a technical necessity. This the Court cannot do.[3]

Although the statute of limitations may have expired on Plaintiff's claim, thus barring relief, that fact does not alter this Court's analysis. *See* Snyder v. Swanson, 371 Fed. Appx. 285, 287 n. 2 (3d Cir. 2010) ("That [plaintiff's] claim may be time-barred . . . does not alter our analysis. The expiration of the

---

[3] The Court also notes that Plaintiff is not *pro se*, but rather has counsel acting upon his behalf who, as a practicing attorney, should be familiar with the Federal Rules of Civil Procedure.

9

statute of limitations does not require a district court to extend the time for service; the court has discretion to dismiss the case even if the refiling of the action is time-barred") (citing MCI Telecomm. Corp., 71 F.3d at 1098). Granting an extension of time whenever a claim would be time-barred by a limitations period would "severely undermine" the "very purpose" of a statute of limitations. Law, 2009 WL at * 3.

The failure to effect service of process after being granted numerous time extensions, including an extension to file his Second Amended Complaint, weighs heavily against Plaintiff. Despite every opportunity given, including ample time, Plaintiff not only failed to serve Defendants in a timely manner, but also, when he finally untimely served them, failed to properly effect service in accordance with Fed. R. Civ. P. (4)(i)(2). The Court, therefore, finds that a discretionary extension of time is not warranted and will grant Defendants' Motion to Dismiss.

**C. Conclusion**

Having determined that service of process was improper pursuant to Fed. R. Civ. P. 4, we dismiss this case without prejudice. An Order consistent with this Opinion will be entered.


    s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey